UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

Marilin J. Contreras,
Denilson L. Pineda,
Francisco L. Pineda,
Jose A. Pineda,
and other similarly situated individuals,

      Plaintiffs

v.

Garcia Family Contractors LLC,
MYGO2 LLC,
Ervin D. Garcia, and
Doris L. Garcia, individually,

      Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs Marilin J. Contreras, Denilson L. Pineda,

Francisco L. Pineda, Jose A. Pineda, and other similarly situated individuals,

by and through the undersigned counsel, and hereby sue Defendants Garcia

Family Contractors LLC, MYGO2 LLC, Ervin D. Garcia, and Doris L. Garcia,

individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1.  This is an action to recover money damages for unpaid minimum wages and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda are residents of Lee County, Florida, within this Honorable Court jurisdiction.    Plaintiffs are covered employees for purposes of the Act.

3.  Corporate Defendants Garcia Family Contractors and LLC, MYGO2 are Florida Corporations performing business in Lee County, within the jurisdiction of this Court. Defendants are construction general contractors.  At all times, Defendants were and are engaged in interstate commerce.

4.  The individual Defendants Ervin D. Garcia and Doris L. Garcia were and are now the owners/partners/managers, and they operated Garcia Family Contractors LLC and MYGO2 LLC simultaneously.

5.  Pursuant to 29 C.F.R. §791.2, Defendants Garcia Family Contractors LLC and MYGO2 LLC are joint employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint took place in Lee County, Florida, within this Court's jurisdiction.

Allegations Common to All Counts

7. This cause of action is brought by Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda as a collective action to recover from Defendants regular wages, and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class")who were not paid regular wages, and who worked in excess of forty (40) hours during one or more weeks on February 2021, (the "material time") without being adequately compensated.

8. Defendants Garcia Family Contractors LLC and MYGO2 LLC are general contractors, remodeling businesses specializing in painting and installation of cabinetry, floors, and carpets.

9. Pursuant 29 C.F.R. §791.2, Garcia Family Contractors LLC and MYGO2 LLC were joint employers of Plaintiffs because: 1) Garcia Family Contractors LLC and MYGO2 LLC through its owners/managers, agents had equal and absolute control over the Plaintiffs and all other

employees similarly situated, 2) The owners of the Corporations directed, controlled, and supervised the work performed by Plaintiffs; 3) Garcia Family Contractors LLC and MYGO2 LLC through their supervisors, equally assigned duties to Plaintiffs and other employees similarly situated; 4) Garcia Family Contractors LLC and MYGO2 LLC through their managers, jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 4) The work of Plaintiffs simultaneously benefited the two corporations; 5) The work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Garcia Family Contractors LLC and MYGO2 LLC.

10. Therefore, because the work performed by Plaintiffs and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants Garcia Family Contractors LLC and MYGO2 LLC are joint employers as defined in 29 C.F.R. §791.2. They are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

11. Defendants Garcia Family Contractors LLC and MYGO2 LLC from now on will be called collectively Garcia Family Contractors, or corporate Defendant.

12. Defendant Garcia Family Contractors was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a General Contractor and developer working in the construction of homes. Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

13. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction employees and painters. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

14. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia hired Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco

L. Pineda and Jose A. Pineda as non-exempted, hourly construction employees from September 02, 2020, to January 28, 2021, or 21 weeks.

15. Plaintiffs' wage rate was set at the rate of $20.00 an hour. Plaintiff overtime should be $30.00 an hour.

16. Defendants employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendants did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

17. While employed by Defendants, Plaintiffs worked 5 days per week, from Monday to Friday, from 7:30 AM to 6:00 PM. (10.5 hours daily), for a total of 50 hours weekly.   Plaintiffs have already deducted 2.5 hours corresponding to 30 minutes of lunch break that they took during the week.

18. Defendants required Plaintiffs to work more than 40 hours every week. However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid their regular wages and overtime hours at any rate, not even the minimum wage rate.

19. Plaintiffs did not clock in and out, but they were closely monitored by the business owner Ervin D. Garcia, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

20. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiffs complained many times to the management about the lack of payment for regular and overtime hours. Every time they gave excuses, but they did not correct the problem.

22. On or about January 28, 2021, Plaintiffs were forced to leave their employment with Defendants due to lack of payment for regular wages and overtime compensation.

23. Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda seek to recover any regular unpaid wages and overtime hours accumulated during all their relevant time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours every at the rate of time and one-half their regular rate.

26. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda re-adopt every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiffs and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1)

states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant Garcia Family Contractors was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

30. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction employees and painters. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

31. Because of the foregoing, the Employer/Defendant Garcia Family Contractors was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia hired Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco

L. Pineda and Jose A. Pineda as non-exempted, hourly construction employees from September 02, 2020, to January 28, 2021, or 21 weeks.

33. Plaintiffs' wage rate was set at the rate of $20.00 an hour. Plaintiff overtime should be $30.00 an hour.

34. While employed by Defendants, Plaintiffs worked 5 days per week, from Monday to Friday, from 7:30 AM to 6:00 PM. (10.5 hours daily), for a total of 50 hours weekly.  Plaintiffs have already deducted 2.5 hours corresponding to 30 minutes of lunch break that they took during the week.

35. Defendants required Plaintiffs to work more than 40 hours every week. However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid overtime hours at any rate, not even the minimum wage rate.

36. Plaintiffs did not clock in and out, but they were closely monitored by the business owner Ervin D. Garcia, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

37. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiffs for the following periods and owes them unpaid overtime wages as follows:

<u>1.- Overtime Claim of Plaintiff Marilin J. Contreras</u>

41. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Marilin J. Contreras as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks.

42. Plaintiff's wage rate was fixed at $20.00 an hour. Plaintiff's overtime wage rate should be $30.00 an O/T hour.

43. Plaintiff worked 50 hours weekly, but Defendants did not pay Plaintiff her overtime hours at the rate of time and one-half her regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. Total amount of alleged unpaid wages:

Six Thousand Three Hundred Dollars and 00/100 ($6,300.00)

b. Calculation of such wages:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours weekly
Total number of overtime hours:  10 O/T hours weekly
Total number of unpaid overtime hours: 10 O/T hours weekly
Regular rate:  $20.00 x hour x 1.5 = $30.00 O/T rate
O/T rate: $30.00

O/T rate $30.00 x 10 O/T hours=$300.00 weekly x 21 weeks = $6,300.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime hours.

2.- Overtime Claim of Plaintiff Denilson L. Pineda,

44. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Denilson L. Pineda as a non-exempted, hourly

construction worker from September 02, 2020, to January 28, 2021, or 21 weeks.

45. Plaintiff's wage rate was fixed at $20.00 an hour. His overtime wage rate should be $30.00 an hour.

46. Plaintiff worked 50 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

Six Thousand Three Hundred Dollars and 00/100 ($6,300.00)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours weekly
Total number of overtime hours:  10 O/T hours weekly
Total number of unpaid overtime hours: 10 O/T hours weekly
Regular rate:  $20.00 x hour x 1.5 = $30.00 O/T rate
O/T rate: $30.00

O/T rate $30.00 x 10 O/T hours=$300.00 weekly x 21 weeks = $6,300.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime hours.

<u>3.- Overtime Claim of Plaintiff Francisco L. Pineda,</u>

47. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Francisco L. Pineda as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks.

48. Plaintiff's wage rate was fixed at $20.00 an hour. His overtime wage rate should be $30.00 an hour.

49. Plaintiff worked 50 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. Total amount of alleged unpaid wages:

Six Thousand Three Hundred Dollars and 00/100 ($6,300.00)

b. Calculation of such wages:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours weekly
Total number of overtime hours:  10 O/T hours weekly
Total number of unpaid overtime hours: 10 O/T hours weekly
Regular rate:  $20.00 x hour x 1.5 = $30.00 O/T rate
O/T rate: $30.00

O/T rate $30.00 x 10 O/T hours=$300.00 weekly x 21 weeks = $6,300.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime hours.

### 4.- Overtime Claim of Plaintiff Jose A. Pineda

50. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Jose A. Pineda as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks.

51. Plaintiff's wage rate was fixed at $20.00 an hour. His overtime wage rate should be $30.00 an hour.

52. Plaintiff worked 50 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. Total amount of alleged unpaid wages:

Six Thousand Three Hundred Dollars and 00/100 ($6,300.00)

b. Calculation of such wages:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours weekly

Total number of overtime hours:  10 O/T hours weekly
Total number of unpaid overtime hours: 10 O/T hours weekly
Regular rate:  $20.00 x hour x 1.5 = $30.00 O/T rate
O/T rate: $30.00

O/T rate $30.00 x 10 O/T hours=$300.00 weekly x 21 weeks = $6,300.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime hours.

53. At all times, the Employers/Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

54. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

55. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-

situated these overtime wages since the commencement of Plaintiffs' employment with Defendants, and Plaintiffs and those similarly situated are entitled to recover double damages.

56. At the time mentioned, individual Defendants Ervin D. Garcia and Doris L. Garcia were now the owners/partners/managers of Garcia Family Contractors. Defendants Ervin D. Garcia and Doris L. Garcia were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of Garcia Family Contractors concerning its employees, including Plaintiffs and others similarly situated.  Defendants Ervin D. Garcia and Doris L. Garcia had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

57. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants, as set forth above.

58. Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, and Jose A. Pineda have retained the law offices of the undersigned

attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, Jose A. Pineda, and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, Jose A. Pineda, and other similarly situated and against the Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda Jose A. Pineda and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL**
**DEFENDANTS**

59. Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda re-adopt every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

60. This action is brought by Plaintiffs to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

61. Defendant Garcia Family Contractors was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

62. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction employees and painters. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

63. Because of the foregoing, the Employer/Defendant Garcia Family Contractors was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 206).

64. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia Ervin D. Garcia, and Doris L. Garcia hired Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, and Jose A. Pineda as non-exempted, hourly construction employees from September 02, 2020, to January 28, 2021, or 21 weeks.

65. Plaintiffs' wage rate was set at the rate of $20.00 an hour. Plaintiff overtime should be $30.00 an hour.

66. While employed by Defendants, Plaintiffs worked seven days per week, from Monday to Sunday, a total of 50 hours weekly.

67. Defendants required Plaintiffs to work in excess of 40 hours every week. However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid their regular wages during their 21 weeks of employment. There is a substantial number of hours not paid to Plaintiffs at any rate, not even at the minimum wage rate.

68. Plaintiffs did not clock in and out, but they were closely monitored by the owners of the business, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

69. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act.

70. On or about January 28, 2021, Plaintiffs were forced to leave their employment because they worked 50 hours weekly, but they did not receive their hard-earned wages.

71. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by

Plaintiffs and other employees in the asserted class.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

72. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

73. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiffs for the following periods and owes them minimum wages as follows:

### 1.- Minimum Wages Claim of Plaintiff Marilin J. Contreras

74. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Marilin J. Contreras as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks.  Plaintiff's wage rate was $20.00 an hour.

75. Plaintiff worked an average of 50 hours weekly, but Defendants did not pay Plaintiff her regular wages for 21 weeks, in violation of the Fair Labor Standards Act.

 *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

 * Florida's minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Seven Thousand Two Hundred Four Dollars and 00/100 ($7,204.80)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours
Total number of unpaid weeks: 21 weeks

1.- Minimum wages for 2020 = 17 weeks
Relevant weeks: 17 weeks
Fl. Minimum wage rate 2020: $8.56 an hour

$8.56 x 40 hours=$342.40 weekly x 21 weeks=$5,820.80

2.- Minimum wages for 2021 = 4 weeks
Relevant weeks: 4 weeks
Fl. Minimum wage rate 2021: $8.65 an hour

$8.65 x 40 hours=$346.00 weekly x 4 weeks=$1,384.00

Total # 1 and #2: $7,204.80

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents the regular unpaid wages at Florida Minimum wage rate.

<u>2.- Minimum Wages Claim of Plaintiff Denilson L. Pineda</u>

76. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Denilson L. Pineda as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks. Plaintiff's wage rate was $20.00 an hour.

77. Plaintiff worked an average of 50 hours weekly, but Defendants did not

pay Plaintiff his regular wages for 21 weeks, violating the Fair Labor

Standards Act.

   *Please note that these amounts are based on a preliminary calculation
and that these figures could be subject to modification as new evidence
could dictate.
   * Florida's minimum is higher than the Federal minimum wage. As per
FLSA regulations, the higher minimum wage applies.

a.   Total amount of alleged unpaid regular wages:

Seven Thousand Two Hundred Four Dollars and 00/100 ($7,204.80)

b.   Calculation of such wages:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours
Total number of unpaid weeks: 21 weeks

1.- Minimum wages for 2020 = 17 weeks
Relevant weeks: 17 weeks
Fl. Minimum wage rate 2020: $8.56 an hour

$8.56 x 40 hours=$342.40 weekly x 21 weeks=$5,820.80

2.- Minimum wages for 2021 = 4 weeks
Relevant weeks: 4 weeks
Fl. Minimum wage rate 2021: $8.65 an hour

$8.65 x 40 hours=$346.00 weekly x 4 weeks=$1,384.00

Total # 1 and #2: $7,204.80

c.   Nature of wages (e.g., overtime or straight time):

This amount represents the regular unpaid wages at Florida
Minimum wage rate.

<u>3.- Minimum Wages Claim of Plaintiff Francisco L. Pineda</u>

78. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Francisco L. Pineda as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks. Plaintiff's wage rate was $20.00 an hour.

79. Plaintiff worked an average of 50 hours weekly, but Defendants did not pay Plaintiff his regular wages for 21 weeks, violating the Fair Labor Standards Act.

  *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
  * Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a.  <u>Total amount of alleged unpaid regular wages</u>:

Seven Thousand Two Hundred Four Dollars and 00/100 ($7,204.80)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours
Total number of unpaid weeks: 21 weeks

1.- Minimum wages for 2020 = 17 weeks
Relevant weeks: 17 weeks
Fl. Minimum wage rate 2020: $8.56 an hour

$8.56 x 40 hours=$342.40 weekly x 21 weeks=$5,820.80

2.- Minimum wages for 2021 = 4 weeks

Relevant weeks: 4 weeks
Fl. Minimum wage rate 2021: $8.65 an hour

$8.65 x 40 hours=$346.00 weekly x 4 weeks=$1,384.00

Total # 1 and #2: $7,204.80

c.  Nature of wages (e.g., overtime or straight time):

        This amount represents the regular unpaid wages at Florida Minimum wage rate.

        4.- Minimum Wages Claim of Plaintiff Jose A. Pineda,

80. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia employed Plaintiff Jose A. Pineda as a non-exempted, hourly construction worker from September 02, 2020, to January 28, 2021, or 21 weeks. Plaintiff's wage rate was $20.00 an hour.

81. Plaintiff worked an average of 50 hours weekly, but Defendants did not pay Plaintiff his regular wages for 21 weeks, violating the Fair Labor Standards Act.

 *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
 * Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a.  Total amount of alleged unpaid regular wages:

Seven Thousand Two Hundred Four Dollars and 00/100 ($7,204.80)

b. Calculation of such wages:

Total Period of Employment:  21 weeks
Total number of hours worked weekly:  50 hours
Total number of unpaid weeks: 21 weeks

1.- Minimum wages for 2020 = 17 weeks
Relevant weeks: 17 weeks
Fl. Minimum wage rate 2020: $8.56 an hour

$8.56 x 40 hours=$342.40 weekly x 21 weeks=$5,820.80

2.- Minimum wages for 2021 = 4 weeks
Relevant weeks: 4 weeks
Fl. Minimum wage rate 2021: $8.65 an hour

$8.65 x 40 hours=$346.00 weekly x 4 weeks=$1,384.00

Total # 1 and #2: $7,204.80

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the regular unpaid wages at Florida Minimum wage rate.

82. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia unlawfully failed to pay minimum wages to Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, and Jose A. Pineda.

83. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants. Plaintiffs are entitled to recover double damages.

84. At the time mentioned, individual Defendants Ervin D. Garcia and Doris L. Garcia were now the owners/partners/managers of Florida Garcia Family Contractors. Defendants Ervin D. Garcia and Doris L. Garcia were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in Garcia Family Contractors' interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Ervin D. Garcia and Doris L. Garcia had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

85. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remain owing Plaintiffs these minimum wages as set forth above.

86. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, and Jose A. Pineda respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda, and Jose A. Pineda, and those similarly situated, demand trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS**

87. Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda re-adopt every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

88. Defendant Garcia Family Contractors was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

89. Plaintiffs were employed by an enterprise engaged in interstate commerce.  Plaintiffs were construction employees and painters. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

90. Because of the foregoing, the Employer/Defendant Garcia Family Contractors was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

91. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

92. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

93. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person — "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Chapter."

94. Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia hired Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda as non-exempted hourly construction employees from September 02, 2020, to January 28, 2021, or 21 weeks.

95. Plaintiffs' wage rate was set at $20.00 an hour. Plaintiff overtime should be $30.00 an hour.

96. While employed by Defendants, Plaintiffs worked 5 days per week, from Monday to Saturday, a total of 50 hours weekly.

97. Defendants required Plaintiffs to work more than 40 hours every week. However, Defendants did not pay Plaintiffs regular wages and overtime hours at any rate, not even the minimum wage rate, as required by the FLSA.

98. Defendants never paid the Plaintiffs. Only Plaintiff Francisco L. Pineda received partial and late payments for a total of $700.00.

99. Furthermore, Defendants did not pay the Plaintiffs for all their hours worked for their entire period of employment, or 21 weeks.

100.   Plaintiffs did not clock in and out, but the business owners closely monitored them, and they were able to track the hours worked by Plaintiffs and other similarly situated employees.

101.   Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

102.   Plaintiffs complained many times to the management about the lack of payment for regular and overtime hours. Every time Defendants gave excuses and promised to pay the overdue wages, and Plaintiffs continued working in hopes of recovering their wages, but Defendants did not keep their promise.

103.   On or about January 28, 2021, Plaintiffs were forced to leave their employment with Defendants due to lack of payment for regular wages and overtime hours.

104.   Defendants denied the payment of regular and overtime hours, and Plaintiffs could not continue working 50 hours weekly without adequate payment.

105.   Thus, on or about January 28, 2021, Plaintiffs were constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and Plaintiffs were forced to resign.

106.   At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs constructively.

107.   At the time mentioned, individual Defendants Ervin D. Garcia and Doris L. Garcia were now the owners/partners/managers of Florida Garcia Family Contractors. Defendants Ervin D. Garcia and Doris L. Garcia were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in Garcia Family Contractors' interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Ervin D. Garcia and Doris L. Garcia had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

108.    The motivating factor which caused the Plaintiffs' constructive discharge as described above was their complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been constructively discharged but for their complaints about unpaid regular and overtime wages.

109.    The Defendants' constructive discharge of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

110.    Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants Garcia Family Contractors, Ervin D. Garcia, and Doris L. Garcia, that Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda recover

compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B.  That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

C.  Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D.  Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Marilin J. Contreras, Denilson L. Pineda, Francisco L. Pineda and Jose A. Pineda demand trial by a jury of all issues triable as of right by a jury.

Dated:  June 1, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*